# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**GERRY RANSOM,**
**D.O.C. # B-114511,**

    **Plaintiff,**

vs.                                                   **Case No.  4:21cv369-WS-MAF**

**U.S. DISTRICT COURT, MIDDLE**
**DIVISION OF FLORIDA, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, submitted a civil rights complaint, ECF No. 1, to this Court on September 8, 2021. However, Plaintiff did not pay the filing fee for this case or file an in forma pauperis motion. An Order was entered advising Plaintiff that he must pay the filing fee to proceed with this case because Plaintiff was not entitled to proceed with in forma pauperis status pursuant to 28 U.S.C. § 1915(g). ECF No. 3. Plaintiff's deadline to submit payment was October 14, 2021. *Id.* Additionally, Plaintiff was required to also file an amended complaint by the same deadline. *Id.*

On September 17, 2021, Plaintiff submitted a document entitled "petition for writ of habeas corpus," ECF No. 4, in which Plaintiff requests "immediate injunctive relief." Another Order was entered advising Plaintiff that no action would be taken "on that document, or any additional document submitted by Plaintiff, until Plaintiff pays the filing fee for this case." ECF No. 5. Plaintiff was again advised that payment must be submitted to the Clerk of this Court no later than **October 14, 2021**. *Id.* As of this date, Plaintiff has not responded. He has not filed an amended complaint, nor has he paid the filing fee. Because Plaintiff was warned that a recommendation would be made to dismiss this case if he did not comply by the deadline provided, it appears Plaintiff has abandoned this litigation.

"A district court, as part of its inherent power to manage its own docket, may dismiss a case sua sponte" when a Plaintiff "fails to prosecute or" otherwise comply with a court order. *See* Ciosek v. Ashley, No. 3:13cv147-RV-CJK, 2015 WL 2137521, at *2 (N.D. Fla. May 7, 2015). The Supreme Court has held that "[t]he authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs . . . ." Link v. Wabash R.R.

Co., 370 U.S. 626, 630, 82 S. Ct. 1386, 1389, 8 L. Ed. 2d 734 (1962) (quoted in Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2005)); *see also* N.D. Fla. Loc. R. 41.1.  Furthermore, the Eleventh Circuit Court of Appeals has noted that "[w]hile dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion."  Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989).  Here Plaintiff was forewarned twice and has not responded to Court orders.  Because Plaintiff has failed to prosecute this case, dismissal is appropriate.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that this case be **DISMISSED** for failure to prosecute and failure to comply with a Court Order.

**IN CHAMBERS** at Tallahassee, Florida, on October 20, 2021.

 S/    Martin A. Fitzpatrick  
**MARTIN A. FITZPATRICK**  
**UNITED STATES MAGISTRATE JUDGE**

Case No. 4:21cv369-WS-MAF

## **NOTICE TO THE PARTIES**

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.